IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUANITA MERCADO-OROPEZA<br><br>PLAINTIFF<br><br>vs.<br><br>SETH ELLIOT MILLER; AIRWAY SERVICES, INC.; LIBERTY MUTUAL; FEDERAL INSURANCE COMPANY; ENDURANCE ASSURANCE COMPANY; AMERICAN INTERNATIONAL INSURANCE COMPANY; JOHN DOE; RICHARD ROE; INSURANCE COMPANY A & B<br><br>DEFENDANTS | CIVIL NO.<br><br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW plaintiff Juanita Mercado, through the undersigned attorneys and respectfully states, alleges and prays as follows:

**I. JURISDICTION**

1. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to 28 U.S.C. Sec. 1332(a)(1), inasmuch as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in the District of Puerto Rico pursuant to 28 USC sec. 1391 because the events or omissions that gave rise to this cause of action occurred in Puerto Rico.

3.      The cause of action of the appearing plaintiff against defendants arises under articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

## II. PARTIES

4.      **Juanita Mercado** is of legal age, resident of Calle Tulipan Apt. # 501 Villa Esperanza Apartments Hatillo, Puerto Rico 00659 and was the mother of the deceased Griselle Lagares Mercado.

5.      Defendant **Airway Services, Inc. (ASI)** is a private corporation with its principal place of business at 5001, Christoval Road, San Angelo, Texas, 76904. At the time of the accident further described, ASI was the employer of Seth Elliot Miller.

6.      Defendant **Seth Elliot Miller** is of legal age and his last known address is 10717, SE Linnwood Ave., Portland, Oregon, 97222. At the time of facts herein alleged, he was an employee of defendant ASI.

7.      Defendant **Liberty Mutual** is an insurance company with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. At the time of the facts herein alleged, said defendant had issued a policy on behalf of ASI and/or Mr. Seth Miller and/or the vehicle driven by Seth Miller at the time of the accident further described, covering all the damages caused by them or for which they are liable.

8.      Defendant **Federal Insurance Company** is an insurance company with its principal place of business at 202 N Illinois St STE 2600, Indianapolis, IN 46204, which issued a policy on behalf of defendant ASI and/or Mr. Seth Miller and/or the vehicle driven by Seth Miller at the time of the accident further described, covering all the damages caused by them or for which they are liable.

9. Defendant **Endurance Assurance Company** is an insurance company with its principal place of business at Manhattanville Road, 3rd floor, Purchase, NY 10577, that issued a policy on behalf of defendant ASI. and/or Mr. Seth Miller and/or the vehicle driven by Seth Miller at the time of the accident further described, covering all the damages caused by them or for which they are liable.

10. Defendant **American International Insurance Company (AIICO)** is an insurance company duly incorporated in the State of Delaware, with its principal place of business at: 3 Beaver Valley Rd. Wilmington, Delaware, 19803. At the time of the accident subject of this complaint, said defendant had issued a policy on behalf of ASI covering the risks herein involved.

### III. FACTS

11. On October 5, 2019, at around 1:00 p.m., Griselle Lagares and Erick Padilla had legally parked their vehicle on the shoulder of State Road 52, Km 89.4, in the Municipality of Juana Díaz, Puerto Rico.

12. At the same time, Seth Elliot Miller was driving northbound along the same state road, in a motor vehicle assigned to him by his employer ASI, that was rented from Enterprise by, and/or paid, by ASI.

13. As Mr. Miller approached the area where Griselle and Erick were parked, the vehicle driven by him veered to the right, entering the shoulder and impacting the vehicle in which Griselle and Erick were traveling and/or impacting them directly.

14. The impact was so severe that it caused the death of both Griselle Lagares and Erick Padilla.

### IV. NEGLIGENCE

15. The accident previously described that resulted in the death of Griselle Lagares and Erick Padilla was caused solely by the reckless and negligent driving of defendant Seth Elliot Miller.

16. Mr. Miller's reckless behavior consisted, specifically, in using a cellular phone while driving. According to the police investigation of the accident, he received a call on his cellular phone and tried to answer it; his pone fell out of his hands; he lost sight of the road; and, eventually, lost control of his vehicle, combined with the fact that he was driving at a speed that did not allow him to control the vehicle.

17. Defendant ASI, as employer of defendant Seth Elliot Miller at the time of the accident, is liable for the latter's negligence and reckless driving, and thus for the damages herein claimed.

18. Defendants Liberty Insurance, Federal Insurance Company, Endurance Assurance Company and American International Insurance Company are liable to the plaintiff for having insurance policies in force at the time of the aforesaid accident, covering the risks herein involved.

### V. DAMAGES

19. As a result of the negligent acts and omissions of defendant Seth Elliot Miller, which resulted on the premature death of Griselle Lagares Mercado and Erick Padilla, plaintiff Juanita Mercado has suffered and will

continue to suffer intense pain, grief, despair and moral and mental anguish. Plaintiff had a very close relationship with her daughter Griselle and therefore with her son-in- law Erick.  As a matter of fact, the same date of the accident, both Griselle and Erick had previously visited Mrs. Juanita Mercado to congratulate her on her birthday and to give her a present. This particular event (as well as other ones) will remain in Mrs. Mercado's memory for the rest of her life, perpetuating her sadness and emotional distress.

20. Moreover, Mrs. Juanita Mercado's physical health has deteriorated since the loss of her daughter and son-in-law. Less than a year before the accident, she had undergone a bariatric surgery. However, due to the emotional anguish she has been experiencing, she has lost a significant amount of weight within a short period of time, which has hindered her health.

21. Mrs. Juanita Mercado has developed intense anxiety and a sense of impotency regarding the mental health and wellbeing of her grandsons, with whom she has a strong emotional bond.

22. Mrs. Juanita Mercado's physical and emotional damages caused by the premature loss of her daughter and son-in-law are reasonably estimated in the amount of **$3,000,000.00.**

**WHEREFORE**, it is respectfully requested from this Honorable Court that judgment be entered against defendants, ordering them to pay plaintiff the sum prayed herein as well as a reasonable amount for attorney's fees, interest and costs related to this action.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on this 21st day of September, 2020.

        ***s/ERIC RIVERA CRUZ***
        USDC 207709
        PO Box 192999
        San Juan, PR 00919-2999
        Cel. (787) 347-7883
        E-mail: erclawfirm@gmail.com

        ***s/Vicente Santori Margarida***
        USDC 205913
        1353 Ave. Luis Vigoreaux PMB 571
        Guaynabo, PR 00966
        Telephone 787-717-0715
        E-mail: vsantorilaw@gmail.com